IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Melissa L. Klipp (MK 7772)
DRINKER BIDDLE & REATH LLP
*A Delaware Limited Liability Partnership*
500 Campus Drive
Florham Park, New Jersey 07932
(973) 360-1100

Of Counsel:
Joseph M. O'Malley, Jr.
Bruce M. Wexler
PAUL, HASTINGS, JANOFSKY & WALKER, LLP
Park Avenue Tower
75 East 55th Street
First Floor
New York, New York 10022
(212) 318-6000

Attorneys for Plaintiff
Warner-Lambert Company

| | |
|---|---|
| WARNER-LAMBERT COMPANY, | DOCUMENT ELECTRONICALLY FILED |
| Plaintiff, | |
| | CIVIL ACTION NO. 99-922 (DRD) |
| v. | |
| | Return Date: May 2, 2007 (Trial) |
| TEVA PHARMACEUTICALS USA, | Time: 10:00 a.m. |
| Defendant. | [Proposed] ORDER |

**THIS MATTER** having come before the Court upon application of Plaintiff Warner-Lambert Company ("Warner-Lambert") for an Order, pursuant to Local Civil Rule 5.3, sealing certain materials filed with the Court, and the Court having

considered the Declaration of Joseph M. O'Malley, Jr. in support of the application, and the materials that Warner-Lambert seeks to file under seal, and the any opposition to the motion, the Court orders as follows:

## FINDINGS OF FACT

**BACKGROUND**

1. The materials that Warner-Lambert seeks to seal consist of the Second Supplemental Expert Report of Gordon L. Amidon, Ph.D., dated January 4, 2007 (Tab A), and the Expert Report, dated November 7, 2006, and Reply Expert Report, dated February 9, 2007, of Gilbert S. Banker Ph.D., D.Sc. (Tab B), which are attached to Exhibit 8 of the Final Pretrial Order, dated April 11, 2007.

2. These documents were designated as "confidential" by the parties pursuant to a Stipulation and Protective Order executed by the parties, entered by the Honorable Joel A. Pisano, and docketed on October 5, 1999.

3. By designating the documents as "confidential," Warner-Lambert and Teva Pharmaceuticals USA's ("Teva") represented that they reasonably and in good faith believed that the designated material constitutes or discloses its sensitive or highly sensitive trade secrets or other confidential research, development or commercial information within the meaning of Fed.R.Civ.P. 26(c).

4. The instant matter is a patent infringement action brought by Warner-Lambert under the Drug Price Competition and Patent Term Restoration Act of

1984, 21 U.S.C. § 355 (commonly referred to as the "Hatch-Waxman Act"). As such, the vast majority of materials exchanged in discovery, and subsequently filed with the Court in connection with pretrial proceedings, contain proprietary, confidential and highly confidential research, development and business information of the parties, including third parties to this action. The expert reports attached to Section 8 of the Final Pretrial Order have been designated by the parties as Confidential because they contain Warner-Lambert's confidential technical and business information related to the patent-in-suit and the development of Warner-Lambert's Accupril® product in addition to the confidential technical and business information of Teva Pharmaceuticals USA, Inc., Merck Inc., Schwarz Pharma Inc., and Schwarz Pharma AG that is not publicly known and maintained as strictly confidential. If such information were to become public knowledge, it would give competitors an unfair advantage. Due to the nature of the materials described herein, no less restrictive alternative to filing under seal is available. For example, redaction of the subject materials would be a futile exercise, since in most instances virtually all documents would have to be redacted in order to remove confidential information, thus rendering the documents meaningless.

## CONCLUSIONS OF LAW

5. In addition to the foregoing findings of fact, the Court makes the following conclusions of law.

6. Upon consideration of the Declaration submitted by Warner-Lambert and the materials that Warner-Lambert seeks to have the Court seal, the Court concludes that Warner-Lambert has met its burden of proving, under L.Civ.R. 5.3 and applicable case law, that the materials described above should be filed under seal. Specifically, the Court concludes that (a) the materials clearly contain confidential information designated by the parties as confidential to protect the confidential technical and business information contained therein which is not publicly known and maintained as strictly confidential; (b) that the parties have a legitimate interest in maintaining the confidentiality of the materials in order to protect their disclosure to competitors who could use the materials and the information contained therein to unfairly compete; (c) that Warner-Lambert has shown that public disclosure of the materials would result in clearly defined and serious injury to both parties, including the use of the materials to competitors to develop competing drug products, to the parties' financial detriment; and (d) that Warner-Lambert has shown that no less restrictive alternative to sealing the materials is available, as redaction of all confidential matter from the materials would render them meaningless to anyone reading them.

7. The foregoing conclusions are supported by relevant case law holding that the right of public access to court filings is not absolute, and may be overcome by a showing such as Warner-Lambert makes here, in the discretion of the trial court. *See Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 603 (1978). The Court, upon a proper showing as made by Warner-Lambert, may in its discretion prevent confidential materials from being "transmuted into materials presumptively subject to public access." *Gambale v. Deutsche Bank AG,* 37 F.3d 133, 143 n.8 (2d Cir. 2004).

**BASED UPON** the foregoing findings of fact and conclusions of law,

IT IS ON THIS 29th DAY OF May, 2007

**ORDERED** as follows:

A. That the Motion to Seal the Second Supplemental Expert Report of Gordon L. Amidon, Ph.D., dated January 4, 2007 (Tab A), and the Expert Report, dated November 7, 2006, and Reply Expert Report, dated February 9, 2007, of Gilbert S. Banker Ph.D., D.Sc. (Tab B), which are attached to Exhibit 8 of the Final Pretrial Order, dated April 11, 2007, be and hereby is **GRANTED**; and

B. That Tabs A and B to Section 8 of the Final Pretrial Order shall be filed under seal and shall be maintained under seal by the Clerk until further Order of the Court.

Hon. Dickinson R. Debevoise, U.S.D.J.